UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

ERICA MORENO and
KATTI PUTNAM,

    Plaintiffs,

v

RON HUGHES,

    Defendant.

Case No. 2:14-cv-13829

Hon. Gershwin A. Drain

Mag. Judge David R. Grand

---

| | |
|---|---|
| Christopher S. Olson (P58780)<br>Attorney for Plaintiffs<br>32121 Woodward Ave., Ste. 300<br>Royal Oak, MI 48073<br>(248) 672-7368 | James T. Farrell (P35400)<br>Assistant Attorney General<br>Attorney for Defendant<br>Civil Litigation, Employment &<br>Elections Division<br>P.O. Box 30736<br>Lansing, MI 48909<br>(517) 373-6434 |

---

## DEFENDANT'S MOTION *IN LIMINE*

It is undisputed that the Defendant, MDOC Sgt. Ronald Hughes, shot a pit bull at Plaintiffs' rental house in Flint while Hughes was engaged in police business.  However, it is disputed whether the dog charged the Defendant, as Defendant claims, or whether Defendant shot the dog for no reason whatsoever, as Plaintiffs claim. This factual dispute, and the unsettled law concerning injury to family pets, precludes summary judgment at this time. However, the Court can and

should rule in limine that the proper measure of Plaintiffs' compensatory damages for the shooting of the dog are those damages allowable under Michigan law for damage to personal property. Specifically, Defendant asks this Court to rule that Plaintiffs are not entitled to noneconomic losses for the pain and suffering the dog incurred or the emotional/mental injury the Plaintiffs allegedly sustained.

Counsel for Defendant has conferred with Plaintiffs' counsel several times concerning this issue, and it is clear that Plaintiffs will not stipulate to the relief sought herein.

WHEREFORE, Defendant, Ronald Hughes, respectfully requests that this Court rule in limine that the proper measure of compensatory damages for the shooting of the dog are those damages allowed under Michigan law for damage to personal property.

    Respectfully submitted,

    */s/ James T. Farrell (P35400)*
    Assistant Attorney General
    Attorneys for Defendant
    Civil Litigation, Employment &
    Elections Division
    P.O. Box 30736
    Lansing, MI 48909
Dated: September 8, 2015    (517) 373-6434

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

ERICA MORENO and
KATTI PUTNAM,

    Plaintiffs,

v

RON HUGHES,

    Defendant.

Case No. 2:14-cv-13829

Hon. Gershwin A. Drain

Mag. Judge David R. Grand

| Christopher S. Olson (P58780) | James T. Farrell (P35400) |
|---|---|
| Attorney for Plaintiffs | Assistant Attorney General |
| 32121 Woodward Ave., Ste. 300 | Attorney for Defendant |
| Royal Oak, MI 48073 | Civil Litigation, Employment & |
| (248) 672-7368 | Elections Division |
| | P.O. Box 30736 |
| | Lansing, MI 48909 |
| | (517) 373-6434 |

          /

**DEFENDANT'S BRIEF IN SUPPORT OF
MOTION *IN LIMINE***

    Bill Schuette
    Attorney General

    James T. Farrell (P35400)
    Assistant Attorney General
    Attorneys for Defendant
    Civil Litigation, Employment &
    Elections Division
    P.O. Box 30736
    Lansing, MI 48909

Dated: September 8, 2015    (517) 373-6434

Defendant acknowledges that there are issues of fact and law that would preclude summary judgment at this point. But there is an issue that the Court can and should rule on at this point: that the proper measure of compensatory damages for the nonfatal injury to the dog are those damages allowed under Michigan law for damage to personal property.

It is important that this issue be resolved as early as possible since Plaintiffs' counsel is under the impression that the Plaintiffs can recover an unlimited amount in compensatory damages for the pain and suffering the dog endured, and the mental and emotional anguish the Plaintiffs suffered. Because of this mistaken impression of Plaintiffs' counsel, Plaintiffs have unreasonably high expectations in terms of the value of this case. If the Court clarifies what the applicable law is in terms of damages recoverable for injury to an animal, there is a reasonable probability the case could settle.

The Plaintiffs bring this action under 42 U.S.C. § 1983 and state law. In that statute, there is no guidance for how to evaluate damages. However, if section 1983 is deficient in the provisions necessary to furnish suitable remedies and punish offenses against law, the common

law, as modified and changed by the constitution and statutes of the State wherein the court having jurisdiction of such civil or criminal cause is held, so far as the same is not inconsistent with the Constitution and laws of the United States, shall be extended to and govern the said courts in the trial and disposition of the cause. 42 U.S.C. § 1988.

Thus, there can be no dispute that Michigan law is controlling in this instance and, therefore, we must apply Michigan's civil damages laws to this action.

Under Michigan law, a plaintiff cannot recover noneconomic damages for loss to real and personal property. See *Price v. High Pointe Oil Co., Inc.*, 493 Mich 238, 244-51 (2013). Moreover, pets are personal property under Michigan law, *Koester v. VCA Animal Hospital*, 244 Mich. App. 173, 176; 624 NW2d 209 (2000). And since there is no Michigan precedent that permits recovery of damages for emotional injuries allegedly suffered as a result of property damage, a plaintiff may not recover for emotional injuries associated with the loss of a pet. *Id.* (cited with approval by the Michigan Supreme Court in *Price, supra,* at 251).

Under Michigan law, the proper measure of damages for injury to a domestic animal is the difference in value of the animal before and after the incident. *Davidson v. Michigan Central R.R. Co.*, 49 Mich. 428, 431; 13 NW 804 (1882), *Guzowski v. Detroit Racing Ass'n, Inc.*, 130 Mich. App. 322, 328; 343 N.W.2d 536 (1983)(citing *Davidson* for the conclusion that the proper measure of damages was the difference in market value of a horse after it was injured from its preinjury market value).

Accordingly, Defendant respectfully requests that the Court rule in limine that, assuming Plaintiffs can establish liability under some theory of recover, the proper measure of compensatory damages for injury to the dog is the difference between the value of the dog before and the value of the dog after the incident.

                                                Respectfully submitted,

                                                */s/ James T. Farrell (P35400)*
                                                Assistant Attorney General
                                                Attorneys for Defendant
                                                Civil Litigation, Employment &
                                                Elections Division
                                                P.O. Box 30736
                                                Lansing, MI 48909
Dated: September 8, 2015             (517) 373-6434

## CERTIFICATE OF SERVICE

I hereby certify that on September 8, 2015, I electronically filed the above *Defendant's Motion in Limine* and *Brief in support* with the Clerk of the Court using the ECF System, which will provide electronic copies to counsel of record.

*/s/ James T. Farrell (P35400)*
Assistant Attorney General
Civil Litigation, Employment &
Elections Division
P.O. Box 30736
Lansing, MI 48909
(517) 373-6434