UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERICA MORENO, and KATTI
PUTMAN,

        Plaintiffs,

                              Case No. 14-cv-13829
                              Honorable Gershwin A. Drain

v.

RONALD HUGHES,

        Defendant.

_____/

## OPINION AND ORDER DENYING DEFENDANT'S MOTION *IN LIMINE* [#12]

### I.    INTRODUCTION

This 42 U.S.C. § 1983 action arises from the shooting of Plaintiffs' dog by Defendant Ronald Hughes, a Michigan Department of Corrections Absconder Recovery Unit Investigator. On September 8, 2015, Defendant filed a Motion *in Limine* seeking an order from this Court ruling that Plaintiffs, Erica Moreno and Katti Putman, are not entitled to noneconomic losses for the pain and suffering they sustained as a result of Defendant shooting their dog. Plaintiffs filed a Response in Opposition on September 22, 2015. The Court held a hearing on December 16, 2015.

At the hearing, the Court directed the parties to submit supplemental authority concerning whether § 1983 entitles the Plaintiffs to recover emotional distress and mental anguish damages if they establish a cause of action against Defendant Hughes for the unlawful seizure of their dog. Upon review of the supplemental authority provided by both parties, the Court finds that Plaintiffs are entitled to recover noneconomic losses under § 1983 if they can prove Defendant Hughes violated the Fourth Amendment.

## II. BACKGROUND

On June 18, 2014, Defendant and other officers arrived at Plaintiffs' residence in Flint, Michigan, to execute a warrant for a fugitive named Matthew Mitchell. Mitchell does not reside, and has never resided at Plaintiffs' home, rather Mitchell lives next door. When Defendant entered Plaintiffs' back yard, Plaintiffs' 58-pound dog, Clohe, was proceeding into the back yard through the open door of the house. Defendant shot Clohe in the face. Clohe lost a portion of her tongue, a tooth and endured three surgeries to repair damage suffered as a result. Defendant claims he shot Clohe in self defense. Plaintiffs maintain that Defendant shot Clohe for no reason

## III. LAW & ANALYSIS

Defendant argues that the proper measure of damages for Plaintiffs' § 1983 claim are those damages allowed under Michigan law for damage to personal

property, specifically the difference between the value of Plaintiffs' dog prior to the incident on June 18, 2014, and the value of the dog after the incident. *See Koester v. VCA Animal Hosp.*, 244 Mich. App. 173, 176; 624 N.W.2d 209 (2000) (declining to award emotional damages when a pet is negligently injured by a veterinarian because Michigan law precludes "damages for emotional injuries suffered as a consequence of property damage."); *see also Guzowksi v. Detroit Racing Ass'n, Inc.*, 130 Mich. App. 322, 328; 343 N.W.2d 536 (1983) (proper measure of damages "is the difference in the market value of the horse after it was injured from its preinjury market value.").

There is no provision in 42 U.S.C. § 1983 that addresses the damages recoverable by a litigant who establishes liability under the Act. Title 42 U.S.C. § 1988 states that:

> (a) Applicability of statutory and common law. The jurisdiction in civil . . . matters conferred on the district and circuit courts . . . for the protection of all persons in the United States in their civil rights, and for their vindication, shall be exercised and enforced in conformity with the laws of the United States, so far as such laws are suitable to carry the same into effect; but in all cases where they are not adapted to the object, or are deficient in the provisions necessary to furnish suitable remedies and punish offenses against law, the common law, as modified and changed by the constitution and statutes of the State wherein the court having jurisdiction of such civil . . . cause is held, so far as the same is not inconsistent with the Constitution and laws of the United States, shall be extended to and govern the said courts in the trial and disposition of the cause[.]

42 U.S.C. § 1988(a). Thus, contrary to Defendant's argument, federal, not state,

common law governs the determination of damages in § 1983 actions. *McHugh v. Olympia Entm't, Inc.*, 37 F. App'x 730, 736 n.5 (6th Cir. May 28, 2002); *Erwin v. Cty. of Manitowoc*, 872 F.2d 1292, 1299 (7th Cir. 1989). While § 1988 allows district courts to look to state common law to assist in civil rights actions, its use cannot be a hindrance to the vindication of civil rights. *McHugh*, 37 F. App'x at 736 n.5; *Sullivan v. Little Hunting Park, Inc.*, 396 U.S. 229, 241 (1969) (explaining that the language of § 1988 means "both federal and state rules on damages may be utilized, whichever better serves the policies expressed in the federal statutes. The rule of damages, whether drawn from federal or state sources, is a federal rule responsive to the need whenever a federal right is impaired.").

It is beyond dispute that "compensatory damages under § 1983 may include noneconomic injuries such as embarrassment, humiliation, or loss of reputation." *Ellison v. Balinksi*, 625 F.3d 953, 959 (6th Cir. 2010); *Glasson v. City of Louisville*, 518 F.2d 899, 903, 912 (6th Cir.) (concluding that if the plaintiff prevailed on her § 1983 claim upon remand that she was entitled to recover damages for "emotional and mental distress" based on testimony that "she was shocked and frightened by a [police officer]'s conduct; and that since that time she has been fearful of participating in any other demonstrations."), *cert. denied*, 423 U.S. 930 (1975); *Memphis Cmty. Sch. Dist. v. Stachura,* 477 U.S. 299, 307 (1986) ("[C]ompensatory damages may include not

only out-of-pocket loss and other monetary harms, but also such injuries as 'impairment of reputation . . . personal humiliation, and mental anguish and suffering.'"). In *Smith v. Heath*, 691 F.2d 220, 226 (6th Cir. 1982), the Sixth Circuit Court of Appeals explained that "the trial court should consider the following factors in making its [compensatory] award: the nature of the constitutional deprivation, the magnitude of the mental distress and humiliation suffered by the plaintiff, and any other injury caused as a result of being deprived of federally protected rights." *Id*.

Defendant argues that this matter is akin to the negligence action in *Koester, supra*, and that this is purely a property rights case; however such an argument is unpersuasive because the case herein is a Fourth Amendment unlawful seizure case under § 1983. The federal common law of damages in § 1983 cases was developed with specific policy rationales that are not implicated in negligence actions. Other courts have acknowledged that "the private Fourth Amendment interests involved are appreciable," that "the bond between a dog owner and his pet can be strong and enduring," and some "think of dogs solely in terms of an emotional relationship, rather than a property relationship." *Altman v. City of High Point*, 330 F.3d 194, 205 (4th Cir. 2003). The Sixth Circuit has cautioned that "[a]lthough courts examining claims for damages under § 1983 should look to the common law for guidance, they should not try to fit a constitutional claim into a Procrustean bed of common law tort."

*Chatman v. Slagle*, 107 F.3d 380, 384 (6th Cir. 1997).

In *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 600 (6th Cir. 2006), the Sixth Circuit Court of Appeals explained that when there appears to be an inconsistency between federal and state law, courts should look to the policies underlying section 1983. *Id.* These policies "include both (1) compensation of persons for injuries caused by deprivation of their federal rights and (2) deterrence of deprivation of rights. The policy of deterrence operates through the mechanism of damages that are compensatory–damages grounded in determination of plaintiffs' actual losses." *Id.* at 600-01 (internal quotations and citations omitted).

In *Blaty,* a § 1983 action was brought by the estate of a thirteen month old who died while in the custody of a private foster care agency under contract with the State of Michigan. *Id.* at 593. On appeal, the personal representative argued the estate was entitled to loss of enjoyment of life damages, even though Michigan's wrongful death act did not permit recovery for such damages. *Id*. The *Blaty* court concluded that Michigan's wrongful death act was consistent with the compensatory purpose of §1983 because "[t]he act authorizes compensation for losses, including hedonic losses, that are experienced by the decedent before death. There is no requirement under federal law that a state go further than this in providing damages for wrongful death." *Id.* at 601.

The situation before this Court compels a different conclusion. Prohibiting recovery for emotional damages stemming from the loss of, or harm to, an animal caused by a constitutional violation would conflict with the compensatory and deterrence aims of § 1983. The estate in *Blaty* was compensated fully for "actual losses" suffered, including hedonic damages prior to the minor child's death. Here, if the Court were to preclude mental and emotional damages attributable to the constitutional violation, including the unlawful seizure of Plaintiff's dog, Plaintiffs will not be compensated for their "actual losses." Thus, this Court must apply the federal common law and award emotional distress damages arising from Defendant's unlawful seizure of Plaintiffs' dog. *Erwin*, 872 F.2d at 1299 ("Although state law may not allow punitive damages without a compensatory award, under federal law, when a jury finds a constitutional violation under a § 1983 claim, it may award punitive damages even when it does not award compensatory damages. The scope of punitive damages in § 1983 actions is governed by the federal common law of damages, which imposes uniformity when enforcing the Civil Rights Act.").

In *McHugh* v. *Olympia Entm't, Inc.*, 37 F. App'x 730, 736 n.5 (6th Cir. May 28, 2002), the Sixth Circuit Court of Appeals rejected the defendants' argument that Michigan's comparative fault statute applies to civil rights claims. *Id.* The *McHugh* court held that applying Michigan's comparative fault law would thwart the

-7-

compensation and deterrence goals of § 1983. *Id.* Specifically, the court noted that application of the comparative fault laws to civil rights actions "would result in the protection afforded under § 1983 to differ from state to state and would be inconsistent with the underlying policy of deterrence and compensation." *Id.*

Similarly, applying a law to civil rights actions that would bar recovery of emotional damages for the injury or the death of animals would produce different results from state to state. Unlike Michigan law, some states award emotional damages for injury to pets. *See Knowles Animal Hosp. v. Wills*, 360 So.2d 37, 38 (Fla. Dist. Ct. App. 3d. Dist. 1978) (affirming jury verdict awarding $1,000 to owner against an animal hospital based on the "mental pain and suffering of the plaintiff-owners . . . .")*; Fredeen v. Stride,* 269 Ore. 369, 375; 525 P.2d 166 (Or. 1974) (finding that recovery against a veterinarian was warranted for mental anguish where veterinarian gave dog to a person other than its owner)*; City of Garland v. White*, 368 S.W.2d 12, 13-14 (Tex. Civ. App. Eastland 1963) (affirming judgment awarding damages for owner's mental pain and suffering against city for the shooting of dog by city police officers)*; Lincecum v. Smith,* 287 So.2d 625, 629 (La. Ct. App. 3d Cir. 1973) (allowing emotional damages for conversion of puppy).

Moreover, Defendant fails to cite any authority for the proposition that emotional distress damages for the unconstitutional seizure of a pet are precluded in

-8-

a § 1983 action. Rather, Defendant directs the Court to a case out of the Western District of Michigan brought pursuant to the Federal Torts Claims Act ("FTC"). *See Soto v. United States*, 63 F. App'x 197 (6th Cir. Apr. 16, 2003). In *Soto*, the plaintiff sought damages for the "wrongful and unnecessary killing of [his] dog, his emotional distress consequent to that killing, and his emotional distress of fear of life and limb due to the gunshots . . . in close proximity to the plaintiff." *Id.* at 198. Defendant maintains that *Soto* is helpful in resolving the issue herein because the Sixth Circuit Court of Appeals upheld the district judge's conclusion that the plaintiff could not recover emotional distress damages resulting from the loss of personal property. The Court concludes that reliance on *Soto* would be misplaced. Just as application of the holding in *Koester* to bar nonecomonic losses would be antithetical to § 1983's goals, reliance on *Soto* would likewise thwart the statute's compensation and deterrence aims.

Conversely, Plaintiffs have provided the Court with a case permitting recovery for emotional distress and mental anguish resulting from a Fourth Amendment unlawful seizure of a pet dog. *See Henning v. Nicklow*, No. 1:08-CV-180, 2009 U.S. Dist. LEXIS 101277 (N.D. Ind. Oct. 30, 2009). In *Henning*, the plaintiffs sued police officers under § 1983 alleging their Fourth Amendment rights were violated when police shot and killed their dog, Misty. *Henning*, 2009 U.S. Dist. LEXIS 101277, at

*1.  The defendant-officers' filed a motion *in limine* and argued that the plaintiffs should be precluded from testifying concerning their dog's "value as a companion, pet, and watch dog or their emotional distress and mental anguish." *Henning*, 2009 U.S. Dist. LEXIS 101277, at *9-10.

The *Henning* court denied the defendants' arguments and permitted testimony about the dog's "characteristics as a companion, pet and watch dog to the extent it assists in determining the value of the dog at the time of the loss, and [the p]laintiffs' emotional distress attributable to the actual constitutional violation, rather than the ongoing denial of the dog's companionship." *Henning*, 2009 U.S. Dist. LEXIS 101277, at *12.  The Court finds *Henning* persuasive because it correctly permitted emotional distress damages that are the natural result of a civil rights violation. *Carey v. Piphus*, 435 U.S. 247, 264 (1978) ("mental and emotional distress caused by the denial of [constitutional rights are] compensable under § 1983").

Lastly, the Court notes that Plaintiffs are correct in arguing they are entitled to punitive damages should they prove their § 1983 action.  Under federal law, a plaintiff who proves a cause of action under § 1983 may recover punitive damages whenever compensatory damages are established, even if nominal. *See Gumsey v. Crawford*, 679 F.2d 666, 667 (6th Cir.), *cert. denied*, 459 U.S. 973 (1982); *Erwin*, 872 F.2d at 299 ("Although state law may not award punitive damages without a compensatory

award, under federal law, when a jury finds a constitutional violation under a § 1983 claim, it may award punitive damages even when it does not award compensatory damages.").

The determination of both compensatory and punitive damages is left to the discretion of the fact finder guided by the facts of the particular case. *Smith*, 691 F.2d at 226. As such, if Plaintiffs establish a cause of action under § 1983, the jury is free to award not only compensatory damages for the emotional distress suffered by Plaintiffs, but may also award punitive damages by evaluating the nature of the violation, the severity of the mental anguish suffered, and any other injury that is the result of Defendant Hughes' Fourth Amendment violation, including the unlawful seizure of Plaintiffs' dog. *See Smith*, 691 F.2d at 226-28.

## IV. CONCLUSION

Accordingly, Defendant's Motion *in Limine* [#12] is DENIED.

SO ORDERED.

Dated: January 19, 2016         /s/ Gershwin A. Drain
                                GERSHWIN A. DRAIN
                                UNITED STATES DISTRICT JUDGE

### CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record by electronic and/or ordinary mail.

<u>/s/ Felicia Moses for Tanya Bankston</u>
Case Manager
