UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

ERICA MORENO and
KATTI PUTNAM,

      Case No. 2:14-cv-13829

    Plaintiffs,

      Hon. Gershwin A. Drain

v

      Mag. Judge David R. Grand

RON HUGHES,

    Defendant.

---

| | |
|---|---|
| Christopher S. Olson (P58780) | James T. Farrell (P35400) |
| Attorney for Plaintiffs | Douglas G. Powe (P36409) |
| 32121 Woodward Ave., Ste. 300 | Attorneys for Defendant |
| Royal Oak, MI 48073 | Michigan Department of Attorney |
| (248) 672-7368 | General |
| | Civil Litigation, Employment & |
| | Elections Division |
| | P.O. Box 30736 |
| | Lansing, MI 48909 |
| | (517) 373-6434 |

    /

**DEFENDANT'S SUPPLEMENTAL PROPOSED
JURY INSTRUCTIONS**

## Special Instruction No. 1

### Damages for Injuries to a Pet Dog

Plaintiffs sue the Defendant seeking compensatory damages allegedly caused to the Plaintiffs by the shooting of the pit bull named Clohe that Plaintiffs claim to own.

In the event you decide that the Defendant's shooting of the dog was not justified, in determining whether to award one or both Plaintiffs damages, you must first determine whether one or both of the Plaintiffs owned Clohe.  You will receive an instruction from the Court on the law concerning ownership of dogs.  If you find that one or both of the Plaintiffs did not own Clohe, then you shall not award the nonowner(s) any damages.

If you find that one or both of the Plaintiffs owned Clohe, and you decide to award them compensatory damages, you may award compensatory damages as follows:

1.    Damage to Clohe:  The damage to Clohe is limited to the $527 veterinarian's bill.

2.    Emotional Distress:  Dog owners may recover compensatory damages for emotional distress caused by a violation of the dog owner's

constitutional rights, not for the pain and suffering the dog experienced. Thus, if you find that one or both of the Plaintiffs owned Clohe, but the owner of the dog did not suffer emotional distress as a result of the shooting of Clohe, then you shall not award the dog owner compensatory damages for emotional distress.  That is to say, the dog owner that did not suffer emotional distress is not entitled to damages for the abstract violation of her constitutional rights.  You must find that the violation of the dog owner' rights must have caused property damage and/or emotional suffering in order to award compensatory damages.  It is the property damage and emotional suffering, if any, that the dog owner would be entitled to be compensated for.

If you find that the dog owner's constitutional rights were not violated, the dog owner is not entitled to an award for either property damage or emotional distress unless you find that the Defendant's conduct amounted to either conversion or intentional infliction of emotional distress under Michigan law.

If you find Defendant's conduct amounted to conversion, then the person you determine to have been the owner of the dog is entitled to recover the $527 veterinarian bill only.

If you find Defendant's conduct amounted to intentional infliction of emotional distress, you may award damages for the dog owner's emotional distress, plus the $527 veterinarian bill.

*Moreno v. Hughes*, USDC-ED 2:14-cv-13829, Opinion and Order denying Defendant's Motion in Limine, D/E #18

*Memphis Cmty. Sch. Dist. v. Stachura*, 477 U.S. 299 (1986)

*Ten Hopen v. Walker*, 96 Mich. 236 (1893)

*Koester v. BCA Animal Hosp.*, 244 Mich. App. 173 (2000)